**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
DERON LAMBERT,                                                    Case No.

                       Plaintiff,

                                               **COMPLAINT**

       -against-

CCC BUILDERS GROUP INC.,
FRANK COSTANZA and
NINA BEKTIC-MARRERO,

                       Defendants.
---------------------------------------------------------------X

       Plaintiff Deron Lambert ("Lambert" or "Plaintiff") alleges against Defendants CCC

Builders Group Inc. ("CCC" or the "Company"), Frank Costanza ("Costanza") and Nina Bektic-

Marrero ("Nina") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Lambert was employed by the Defendants from approximately November 29, 2021 to

   August 23, 2022.  Employed as a Competent Person, Lambert worked 50 hours per week

   for the Defendants.  Lambert was paid (albeit late) $1,000.00 per week by check.  Despite

   working in excess of 40 hours per week, CCC failed to pay Lambert overtime.

2. Furthermore, the Defendants committed statutory wage violations, by failing to provide

   Lambert with a wage notice or wage statements / pay stubs.

3. Additionally, the Defendants retaliated against Lambert following his complaints about

   not being paid on time by not paying Lambert at all for his last 3 weeks and 2 days of

   work and ultimately terminating his employment.

4. As such, Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29

   U.S.C. §§ 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1)

unpaid minimum wage, (2) unpaid overtime, (3) lost wages for retaliation, (4) liquidated damages and (5) attorneys' fees and costs.

5. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) civil damages for statutory wage notice violations, (4) lost wages for retaliation, (5) liquidated damages and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Defendants' principal place of business is located in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff Deron Lambert ("Lambert" or "Plaintiff") was and is a resident of Queens County, New York.

10. Defendant CCC Builders Group Inc. ("CCC" or the "Company") was and is a domestic business corporation organized under the laws of the State of New York.

11. CCC was and is authorized to conduct business in the State of New York.

12. CCC was and is located at 292 Duffy Avenue, Hicksville NY 11801.

13. CCC performed work at 133-14 Jamaica Ave, Queens NY 11418.

14. Defendant Frank Costanza ("Costanza"), upon information and belief, was and is a resident of the State of New York.

15. Costanza was and is an Owner of CCC.

16. Costanza exercised control over the employment terms and conditions of the Plaintiff. Costanza had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff. At all times, the Plaintiff could complain directly to Costanza regarding any of the terms of his employment, and Costanza would have the authority to effect any changes to the quality and terms of the Plaintiff's employment.

17. Defendant Nina Bektic-Marrero ("Nina"), upon information and belief, was and is a resident of the State of New York.

18. Nina was and is a Project Manager at CCC.

19. Nina was the Project Manager for CCC at 133-14 Jamaica Ave, Queens NY 11418.

20. Nina exercised control over the employment terms and conditions of the Plaintiff. Nina had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of the Plaintiff. At all times, the Plaintiff could complain directly to Nina regarding any of the terms of his employment, and Nina would have the authority to effect any changes to the quality and terms of the Plaintiff's employment.

21. At all times relevant times, CCC has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

22. At all relevant times, CCC is an "enterprise engaged in commerce" within the meaning of the FLSA, the NYLL and the regulations thereunder.

## **STATEMENT OF FACTS**

23. On or about November 29, 2021, Lambert commenced employment with CCC.

24. Lambert was employed by CCC as a Competent Person.

25. Lambert's job duties and responsibilities included but were not limited to: site safety and being in charge of sign-in logs for workers the 3-floor construction site.

26. Lambert worked for CCC at 133-14 Jamaica Ave, Queens NY 11418.

27. Lambert directly reported to Nina – a CCC Project Manager.

28. The Defendants failed to provide Lambert with a wage notice up on his hire or annually.

29. Further, CCC failed to provide wage statements / paystubs with each payment Lambert received.

30. Lambert worked for CCC Monday to Friday (5 days per week), with occasional work on Saturdays (6 days per week).

31. Lambert would typically work from 7:00 a.m. to 5:00 p.m., for a total of 50 hours per week.

32. Lambert was not provided a lunch break.

33. Upon sincere information and belief, CCC failed to track Lambert's hours worked.

34. Despite working in excess of 40 hours per week, CCC failed to pay Lambert overtime.

35. Lambert was paid the same amount per week regardless of the amount of hours he worked.

36. Nina promised to pay Lambert $1,000.00 per week by check.

37. However, CCC frequently failed to pay Lambert on time.

4

38. CCC would often try to 'make up' for late payments by paying two, three, four or five weeks of checks in one check (ex. $2,000 for 2 weeks of work, $3,000 for 3 weeks of work, etc.).

39. CCC provided the following checks to Lambert:

   a.  12/14/2021 – $2,000.00

   b.  12/22/2021 – $2,000.00

   c.  1/26/2022 – $5,000.00

   d.  2/16/2022 – $3,000.00

   e.  3/10/2022 – $3,000.00

   f.  4/1/2022 – $3,000.00

   g.  5/31/2022 – $5,000.00

   h.  6/2/2022 – $4,000.00

   i.  7/7/2022 – $4,000.00

   j.  8/4/2022 – $4,000.00

40. In addition to the statutory wage violations and unpaid overtime, CCC retaliated against Lambert.

41. Lambert would complain to Nina about not being paid on time.

42. Despite Lambert's complaints, CCC failed to remediate its practices and pay Lambert on time.

43. In fact, in retaliation for Lambert's complaints, CCC failed to pay Lambert at all for his last 3 weeks and 2 days of work.

44. On or about August 23, 2022, CCC terminated Lambert.

45. CCC terminated Lambert in retaliation for his complaints about the Company's wage violations.

46. The Defendants failed to pay minimum wage to Lambert during his last 3 weeks and 2 days of his employment.

47. Although Lambert worked over forty hours per week, the Defendants failed to pay Lambert overtime during his employment.

48. The Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State minimum wage rate.

49. Defendants knowingly and willfully operated their business with a policy of not paying the Federal or the New York State overtime rate (time and a-half).

50. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices pursuant to the NYLL.

51. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements / pay stubs pursuant to the NYLL.

52. Defendants knowingly and willfully retaliated against Plaintiff.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage)

53. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

54. By failing to pay the correct statutory minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Defendants' failure to pay minimum wage for all hours worked caused the Plaintiff to suffer loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NYLL – Unpaid Minimum Wage)

57. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

58. Defendants willfully violated Plaintiff's rights by failing to pay the correct statutory minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

59. Defendants' failure to pay minimum wage for all hours worked caused Plaintiff to suffer loss of wages and interest thereon.  Therefore, Plaintiff is entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(1) *et seq.*

## THIRD CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

60. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs as though they were fully set forth herein.

61. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated

and continue to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

62. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon.  Plaintiff is entitled to recover from Defendants his unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**FOURTH CAUSE OF ACTION**
**(NYLL – Unpaid Overtime)**

64. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

65. Defendants willfully violated the Plaintiff's rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and the regulations promulgated thereunder.

66. Defendants' failure to pay overtime premium compensation caused the Plaintiff to suffer loss of wages and interest thereon.  Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 666(3) *et seq.*

## FIFTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Notice)

67. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

68. Defendants have willfully failed to supply the Plaintiff with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hire or annually, containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day designated by the employer; the name of the employer; the physical address of the employer and the telephone number of the employer.

69. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
### (NYLL – Failure to Provide Wage Statements)

70. Plaintiff repeats and realleges the preceding paragraphs as though they were fully set forth herein.

71. Defendants have willfully failed to provide the Plaintiff with proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employer; address and phone number of employer' rate or rates of pay and basis thereof; whether

paid by the hour, shift, day, week, salary or other; gross wages; deductions; and net wages.

72. Due to the Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants two hundred fifty dollars for each workday that the violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
### (FLSA – Retaliation)

73. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

74. Plaintiff was an employee of Defendants within the meaning of the FLSA.

75. Defendants were employers of the Plaintiff within the meaning of the FLSA.

76. 29 U.S.C. § 215(a) (3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

77. While employed by Defendants, the Plaintiff complained to Defendants about Defendants' unlawful employment practices, including Defendants' failure to pay the Plaintiff on time.

78. Plaintiff's complaints constitute protected activity under the FLSA. After and as a result of the Plaintiff's complaints, Defendants terminated Plaintiff's employment.

79. A causal connection exists between the Plaintiff's complaints of Defendants' unlawful pay practices —including Defendants' failure to pay timely — and Defendants' termination of the Plaintiff's employment.

80. Defendants violated 29 U.S.C. § 215(a) (3) by terminating the Plaintiff's employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

81. Due to Defendants' violations of 29 U.S.C. § 215(a)(3), the Plaintiff is entitled to recover their lost wages and other compensatory damages, liquidated damages in an amount equal to their lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

<u>**EIGHTH CAUSE OF ACTION**</u>
**(NYLL – Retaliation)**

82. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

83. Plaintiff is an employee of Defendants within the meaning of the NYLL.

84. Defendants are employers of the Plaintiff within the meaning of the NYLL.

85. NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of any corporation, partnership, or limited liability company…shall discharge, threaten, penalize or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer…or his or her authorized representative…that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter…[or] (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter…or (v) because such employee has otherwise exercised rights protected under this chapter…"

86. While employed by the Defendants, the Plaintiff complained to the Defendants about Defendants' unlawful practices, policies and procedures of not being paid proper wages.

87. Plaintiff's complaints to Defendants constitute protected activity under NYLL § 215.

88. A causal connection exists between the Plaintiff's complaints of improper pay practices and Plaintiff's termination.

89. Defendants violated NYLL § 215 by retaliating against the Plaintiff's by terminating his employment due to his complaints about Defendants' unlawful pay practices, policies and procedures.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court GRANT the following relief:

A.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

B.  An injunction against Defendants' and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

C.  An award of compensatory damages as a result of Defendants' failure to pay minimum wage pursuant to the FLSA, NYLL and supporting regulations;

D.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

E.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation pursuant to the FLSA and

NYLL;

F.  A maximum of $5,000.00 for each Plaintiff to failure to provide a proper wage notice upon hire or annually;

G.  A maximum of $5,000.00 for each Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

H.  An award of lost damages, retroactive to the date of Plaintiff's termination, for retaliation, pursuant to the FLSA and NYLL;

I.  An award of liquidated damages for retaliation pursuant to the FLSA and NYLL;

J.  An award of prejudgment and post-judgment interest;

K.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

L.  Such other relief as this Court deems just and proper.

Dated: September 20, 2022
New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*

13