UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERON LAMBERT,

                Plaintiff,

v.

CCC BUILDERS GROUP INC., FRANK COSTANZA, NINA BEKTIC-MARRERO,

                Defendants.

**MEMORANDUM & ORDER**
22-CV-05605 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Defendants have moved to dismiss Plaintiff's complaint, which asserts claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") based on allegations that Defendants failed to pay Plaintiff the correct statutory minimum wage, failed to pay him overtime compensation, failed to provide him wage notice and wage statements, and retaliated against Plaintiff when he raised concerns about Defendants' practices. ECF No. 1 (Complaint). For the reasons set forth below, the Court denies Defendants' motion as to Defendants CCC Builders Group Inc. and Frank Costanza, and grants Defendants' motion as to Defendant Nina Bektic-Marrero. ECF No. 17-1 (Defendants' Motion to Dismiss).

**FACTUAL BACKGROUND**

    Plaintiff Deron Lambert was employed by Defendant CCC from approximately November 29, 2021, through August 23, 2022. ECF No. 1 ¶ 1. CCC is a business corporation located in Hicksville, New York, that performed work at 133-14 Jamaica Avenue in Queens. *Id.* ¶¶ 10–13. Defendant Costanza is the owner of CCC and allegedly exercised control over the terms and conditions of Plaintiff's employment. *Id.* ¶¶ 15–16. Defendant Bektic-Marrero is a project manager at CCC and managed CCC's Jamaica Avenue project. *Id.* ¶¶ 18–20.

Plaintiff alleges that he worked more than 40 hours per week for CCC as a "Competent Person" at the Jamaica Avenue project and was paid $1,000 per week but was not paid overtime. *Id.* ¶¶ 1, 26. As a Competent Person, Plaintiff was responsible for site safety and managing worker sign-in logs. *Id.* ¶ 25. According to Plaintiff, he typically worked Monday to Friday from 7:00 a.m. to 5:00 p.m. and occasionally worked on Saturdays. *Id.* ¶¶ 30–31. Plaintiff also alleges that Defendants failed to provide him with a wage notice, and failed to provide wage statements or pay stubs with each payment he received. *Id.* ¶¶ 28–29. Plaintiff was terminated by CCC on or about August 23, 2022, allegedly in retaliation for complaining that he had not been timely paid, and was not paid for his last few weeks of work at CCC. *Id.* ¶¶ 40–43.

Plaintiff asserts eight causes of action against the Defendants. His first, third, and seventh claims, respectively, allege that Defendants violated the FLSA by: (1) failing to pay him the correct statutory minimum wage for all the hours that he worked; (2) failing to pay him proper overtime compensation; and (3) retaliating against him by terminating his employment after he complained about Defendants' pay practices. *Id.* ¶¶ 53–56, 60–63, 73–81. Plaintiff's second, fourth, fifth, sixth, and eighth claims, respectively, allege that Defendants violated the NYLL by: (1) failing to pay him the correct statutory minimum wage for all the hours that he worked; (2) failing to pay him proper overtime compensation; (3) failing to provide him with notice of his wage rate at the time he was hired or annually; (4) failing to provide him with wage statements; and (5) retaliating against him by terminating his employment after he complained about Defendants' pay practices, policies, and procedures. *Id.* ¶¶ 57–59, 64–72, 82–89.

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[1] "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

**DISCUSSION**

The Court denies Defendants' motion to dismiss Plaintiff's claims against CCC and Costanza, but dismisses Plaintiff's claims against Bektic-Marrero.

**I.     Plaintiff's Claims Against CCC**

Defendants state in a conclusory fashion that Plaintiff's claims against CCC should be dismissed because his role as a Competent Person made him an independent contractor rather than an employee of CCC. ECF No. 17-1 at 4. The gist of Defendants' argument is that, because the role of the Competent Person is laid out in the New York City Administrative Code ("NYCAC"), Plaintiff's duties and responsibilities were defined by statute rather than by Defendants and that, therefore, Plaintiff cannot be considered an employee. *Id.* at 6–11. Defendants also argue that the terms "employee" and "Competent Person" are mutually

---

[1] Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

exclusive. *Id.* at 8. To support their position, Defendants cite only to the NYCAC, which does not speak to the nature of the employment relationship that a company has with the worker designated as its Competent Person. *Id.* And, the Court notes that the NYCAC does not require the Competent Person to be independent of the company for which he is working or preclude a Competent Person from also being an employee. *See* N.Y.C. Admin. Code. §§ 3301–3308. Defendants do not cite to, and the Court has not found, any caselaw or authority to support Defendants' argument regarding the role and classification of a Competent Person. ECF No. 17-1 at 6–11. Defendants' conclusory assertions that Plaintiff cannot be an employee based solely on his title do not provide the Court with a sufficient basis to determine that Plaintiff was an independent contractor rather than an employee of CCC.[2]

In determining whether an employer-employee relationship exists under the FLSA and the NYLL, the Court's analysis "should be grounded in economic reality rather than technical concepts." *Irizarry v. Catsimatidis*, 722 F.3d 99, 105 (2d Cir. 2013); *see also Gyalpo v. Holbrook Dev. Corp.*, 577 B.R. 629, 638 (E.D.N.Y. 2017) (holding that the definition of an employee under the NYLL, "closely resembles the definition in the FLSA"). Plaintiff alleges that he directly reported to a CCC employee, that he worked a fixed schedule set by CCC, that he was paid by CCC via check, and that CCC had the power to terminate his employment. ECF No. 1 ¶¶ 27–45. Accordingly, taking into account the economic realities of a typical employment relationship, Plaintiff has pled sufficient facts to state a claim that CCC was his employer under the FLSA and the NYLL at this stage. *See Irizarry*, 722 F.3d at 105; *Matson*, 631 F.3d at 63.

---

[2]    Defendants also fail to proffer any proof to support their claim that Plaintiff was an independent contractor, such as, for example, a contract defining his role at CCC as such.

## II. Plaintiff's Claims Against the Individual Defendants

Defendants also argue that Costanza and Bektic-Marrero cannot be held liable under the FLSA and the NYLL because they were not Plaintiff's employers. "Individual liability under the FLSA is premised upon personal responsibility for making decisions about the conduct of the business that contributed to the violations of the Act." *Mendez v. U.S. Nonwovens Corp.*, 2 F. Supp. 3d 442, 458 (E.D.N.Y. 2014). In assessing whether an individual within a company can be held personally liable, courts in this circuit "look[] to the totality of the circumstances, and also consider[] the putative employer's level of operational control." *Sethi v. Narod*, 974 F. Supp. 2d 162, 186 (E.D.N.Y. 2013). Factors that help courts determine whether an individual had sufficient operational control over a company to be liable under the FLSA and the NYLL include whether the individual: "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Tapia v. Blch 3rd Ave LLC*, 906 F.3d 58, 61 (2d Cir. 2018). Being an employer under the FLSA and the NYLL "does not require the continuous monitoring of employees, looking over their shoulders at all times." *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 912 (S.D.N.Y. 2013). "[A]n individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employee[]." *Irizarry*, 722 F.3d at 110. Taking the totality of the circumstances into account and taking all allegations in the complaint as true, Plaintiff has stated a plausible claim that Costanza was his employer under the FLSA and NYLL but has failed to state a plausible claim with respect to Bektic-Marrero.

5

### A. Plaintiff's Claims Against Costanza

Plaintiff has alleged that Costanza owned CCC, exercised control over the terms and conditions of his employment, and had the authority to determine his work schedule and hire or fire him. ECF No. 1 ¶¶ 15–16. Although Plaintiffs' claims against Costanza are fairly bare bones, at this early stage of the litigation, Plaintiff has pled facts that, if true, plausibly suggest that Costanza had operational control over CCC, including the power to make decisions about CCC's conduct that led to the alleged FLSA and NYLL violations at issue here, that he had a role in determining Plaintiff's work schedule, and that he had the power to fire Plaintiff (which he used). *See, e.g., Winfield v. Babylon Beauty Sch. of Smithtown, Inc.*, 89 F. Supp. 3d 556, 569 (E.D.N.Y. 2015) (finding that plaintiff had pled sufficient facts to suggest that the individual defendants who owned the business at issue had operational control despite "somewhat vague" allegations in the complaint that did "not provide any non-conclusory details regarding the nature of the [] Defendants' positions, what their duties entailed, [or] how many employees they controlled"). Accordingly, because Plaintiff's complaint includes facts sufficient to support his claim that Costanza was his employer and is liable under the FLSA and the NYLL, Defendants' motion to dismiss Plaintiff's claims against Costanza is denied.

### B. Plaintiff's Claims Against Bektic-Marrero

However, the complaint does not support a finding that Bektic-Marrero was Plaintiff's employer and should be held liable under the FLSA and the NYLL. Plaintiff alleges that Bektic-Marrero was a Project Manager at CCC, that he directly reported to Bektic-Marrero, that Bektic-Marrero had the authority to change the quality and terms of his employment, and that Bektic-Marrero told him he would be paid $1,000 per week by check. ECF No. 1 ¶¶ 18–20, 27, 36. Plaintiff does not, however, allege that Bektic-Marrero was an owner or executive at CCC, that Bektic-Marrero herself determined the rate at which Plaintiff was paid and the manner in which

6

he was paid, or that Bektic-Marrero herself was involved in actually hiring or firing him.  Rather, Plaintiff simply recites the four factors that courts use to guide their determination of whether, taking into account the economic reality and totality of the circumstances, an individual had sufficient operational control to be liable under the FLSA and the NYLL, and asserts that Bektic-Marrero meets each factor without providing any further details.[3]  *Id.* ¶ 20.

Ultimately, Plaintiff's allegations amount to little more than that Bektic-Marrero had a "managerial title," and directly supervised him, and the Court finds these allegations insufficient "to plausibly subject [Bektic-Marrero] to liability under the FLSA and the NYLL." *Ayala v. Looks Great Servs., Inc.*, No. 14-cv-6035, 2016 WL 3541548, at *7 (E.D.N.Y. June 23, 2016) (dismissing FLSA and NYLL claims against a defendant because "the mere recitation that an individual defendant satisfies the elements of the economic reality test, without pleading any factual allegations supporting that claim, is similar to a legal conclusion that does not raise a right to relief above the speculative level"); *see also Ding v. The Mask Pot*, No. 20-cv-6076, 2022 WL 4647847, at *5 (E.D.N.Y. Oct. 1, 2022) (dismissing FLSA and NYLL claims against an individual defendant whom plaintiffs did not allege "had the ability to affect their pay").

However, since Plaintiff has never amended his complaint, the Court finds it appropriate to give Plaintiff the opportunity to amend his claims against Bektic-Marrero.  *See Ayala*, 2016 WL 3541548, at *8 (granting plaintiffs leave to amend); *see also Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022) (The Second Circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint."); *Kopchik v. Town of East Fishkill*, 759 F. App'x 31, 38 (2d Cir. 2018) ("The opportunity to amend the complaint is appropriately presented

---

[3] As discussed on p. 5, *supra*, courts look at whether an individual:  "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Tapia*, 906 F.3d at 61.

*after* the district court rules on a motion to dismiss."). If Plaintiff chooses to amend his complaint to plead additional facts to support his claims against Bektic-Marrero, Plaintiff shall file an amended complaint on or before January 12, 2024.

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion to dismiss as to CCC and Costanza and GRANTS Defendants' motion to dismiss as to Bektic-Marrero. *See* ECF No. 17-1. Plaintiff may file an amended complaint as to Bektic-Marrero on or before January 12, 2024. If Plaintiff does not file an amended complaint by January 12, 2024, judgment shall be entered with respect to Plaintiff's claims against Bektic-Marrero, and those claims will be dismissed.

In letters that the parties filed in May of this year, the parties represented that they had "responded to interrogatories and completed their document productions" and that there were "no disputes" outstanding with respect to discovery but that the parties had not yet begun to take fact witness depositions. ECF Nos. 19, 20. On May 3, 2023, the Court adjourned *sine die* the parties' deadline to complete fact discovery pending the resolution of Defendants' motion to dismiss. On or before January 19, 2024, the parties shall file a joint letter proposing a reasonable deadline for the completion of fact witness depositions and any remaining fact discovery.

SO ORDERED.

                                         */s/ Hector Gonzalez*
                                         HECTOR GONZALEZ
                                         United States District Judge

Dated: Brooklyn, New York
       December 29, 2023